Filed 4/29/25  Marriage of Pedigo CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re the Marriage of LEWIS and KARINA PEDIGO. | B330696 |
| LEWIS PEDIGO, Appellant, v. KARINA RAMIREZ, Respondent. | Los Angeles County Super. Ct. No. 18WHFL01382 |

APPEAL from an order of the Superior Court of Los Angeles County.  May J. Santos, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Remanded with directions.

Lewis Pedigo, in pro. per., for Appellant.

Karina Ramirez, in pro. per., for Respondent.

_____

Lewis Pedigo appeals an order awarding his former spouse—Karina Ramirez—funds from the sale of community property. Lewis contends the order is not supported by substantial evidence, the court should have required Karina to file a current income and expense declaration, and Karina's counsel violated his right to due process by filing a proposed order without his approval. We find no prejudicial error. However, we remand the matter with directions to correct a typographical error in the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

Lewis and Karina were married in 1997, and they separated on December 1, 2018. Lewis petitioned for dissolution of marriage shortly after the separation. At the time, the community property included a rental property in Arizona, a savings account, vehicles, and a concrete pumping business.

In 2021, Lewis and Karina agreed to a stipulated judgment awarding each party a one-half interest in the Arizona property. The court ordered the property to be sold and the net proceeds held in trust "subject to allocation by the Court." The judgment reserved issues related to the parties' concrete business, spousal support, a loan from Lewis's parents, and the equalization of the division of property and debt. With respect to the business, the judgment required the parties to "cooperate and participate" in obtaining an appraisal. The judgment required Karina to give Lewis's counsel the name of a company that could perform the appraisal.

The parties eventually sold the Arizona property, and their counsel held the proceeds in trust. In November 2022, Lewis and Karina stipulated to withdraw $15,000 each from the funds held in trust. At the same time, they agreed to exchange

documentation to help evaluate the remaining issues, including the issue of whether to value the business on the date of separation or the date of dissolution of the marriage.

In February 2023, Lewis filed a pro per request for order allowing him to withdraw $25,000 from the remaining funds held in trust. According to Lewis, he needed the funds for living and moving expenses because he is disabled and had been unemployed since July 2021.

Karina filed a responsive declaration in March 2023. Karina opposed Lewis's request and asked the court instead to award her all the funds held in trust, which at the time was $138,454.69.

Karina argued she is entitled to the total amount held in trust to offset the value of other community property that Lewis controlled. She pointed the court to an appraisal Lewis obtained for the concrete business.[1] The appraisal valued the business at $63,316 as of December 2020. Karina argued the court should value the business even higher because its gross sales were significantly greater in 2018, when the parties separated. Karina estimated the business was worth $96,600 at that time.

Karina asserted the court also should account for the value of her share of the business's fixed and liquid assets. According to Karina, Lewis had sole control over $53,960 in cash in the business's bank account around the date of their separation. She also argued the court could consider outstanding accounts

---

[1] According to Karina, she had not been able to conduct her own "forensic accounting of the business" because she was unable to obtain financial records from Lewis.

receivable, the value of "prerequisites" Lewis used to run the company after their separation, and rental income Lewis collected on the Arizona property before its sale.

Karina attached to the declaration excerpts of Lewis's appraisal. She also attached an October 2018 bank statement for the business's checking account showing a starting balance of $53,960.78. It is not clear whether she attached other exhibits as well.

A couple of weeks later, Lewis filed a case management statement in which he asked the court to award him $126,265.89 out of the funds held in trust. Although not entirely clear, Lewis seemed to concede that Karina is entitled to around $12,000 to compensate her for rental income he collected on the Arizona property before it was sold. Lewis argued he is entitled to the remaining funds held in trust because Karina had caused significant damage to the parties' business, including by breaching her fiduciary duties. Among other contentions, Lewis alleged Karina and the parties' son had concealed the existence of a lawsuit against the business, which resulted in a court entering a default.[2] Lewis also argued Karina had violated the court's order to "produce a business party name for a valuation." (Italics omitted.)

The court considered Lewis's motion at a hearing on April 3, 2023. The record does not contain a reporter's transcript of the hearing or a statement summarizing it.

According to the minute order of the hearing, the court "consider[ed] the testimony and evidence" and denied Lewis'

---

[2] According to Lewis, a court later vacated the default and set the case for trial.

4

request for order. The minute order also states, "The court finds that the Respondent's interest in the community property business was valued in an amount equal to or greater than the funds remaining in trust. The court grants the Respondent's request and awards the entirety of funds remaining in the trust to the respondent."

The court ordered Karina's counsel to prepare a draft order. The day after the hearing, counsel filed a proposed order and the court entered it.

Lewis timely appealed.

## DISCUSSION

### 1. *Lewis has not shown insufficient evidence supports the court's order*

Lewis contends the order awarding Karina the remaining funds held in trust must be reversed because the order is not supported by substantial evidence. According to Lewis, the court based its decision on "little to no evidence, none of which was credible." In particular, he contends Karina failed to submit her own business valuation, failed to disclose that the parties' son had been served with a lawsuit against the company, "cherry picked" portions of Lewis's business appraisal, and failed to account for the fact that the business "sat stagnant" and had a default entered against it.

Where, as here, the appellant " 'challenges the trial court's factual findings, our review follows established principles concerning the existence of substantial evidence in support of the findings. On review for substantial evidence, we examine the evidence in the light most favorable to the prevailing party and give that party the benefit of every reasonable inference. [Citation.] We accept all evidence favorable to the prevailing

5

party as true and discard contrary evidence. [Citation.]'
[Citation.] 'We do not reweigh the evidence or reconsider
credibility determinations. [Citation.]' [Citation.]" (*In re
Marriage of Calcaterra & Badakhsh* (2005) 132 Cal.App.4th
28, 34.)

While we are mindful Lewis is representing himself on
appeal, he "is to be treated like any other party and is entitled to
the same, but no greater consideration than other litigants and
attorneys." (*Barton v. New United Motor Manufacturing, Inc.*
(1996) 43 Cal.App.4th 1200, 1210.) Thus, he is bound to follow
the most fundamental rule of appellate review: the judgment
or order challenged on appeal is presumed to be correct, and
"it is the appellant's burden to affirmatively demonstrate error."
(*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) " 'All
intendments and presumptions are indulged to support [the
judgment or order] on matters as to which the record is silent,
and error must be affirmatively shown.' " (*Denham v. Superior
Court* (1970) 2 Cal.3d 557, 564.) To overcome this presumption,
an appellant must provide a record that allows for meaningful
review of the challenged order. (*Foust v. San Jose Construction
Co., Inc.* (2011) 198 Cal.App.4th 181, 187.)

Lewis has not met his burden here, as he failed to include
in the appellate record a transcript or summary of the oral
proceedings. The hearing on Lewis's request for order was
not reported by a court reporter, and Lewis elected to proceed
on appeal by way of a settled statement. However, the record
on appeal does not contain a settled statement. Nor does
it appear that Lewis filed a proposed settled statement in
the trial court. (See Cal. Rules of Court, rule 8.137(c)(1)
[an appellant "must serve and file a proposed statement

6

in superior court within 30 days after filing" a notice electing to use a settled statement].)

Where the appellate record lacks a reporter's transcript or statement summarizing the oral proceedings, unless error is apparent on the face of the existing record, "the judgment must be *conclusively presumed correct* as to *all evidentiary matters.* To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error. [Citation.] The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript [or summarizing statement] will be precluded from raising an argument as to the sufficiency of the evidence." (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992; see *Yield Dynamics, Inc. v. TEA Systems Corp.* (2007) 154 Cal.App.4th 547, 557 (*Yield Dynamics*) ["an appellant who challenges a factual determination in the trial court . . . must marshal *all* of the record evidence relevant to the point in question and affirmatively demonstrate its insufficiency to sustain the challenged finding"].)

Because we do not have a record of the oral proceedings below, we must presume the unreported testimony supports the court's order. In other words, we must presume Karina presented sufficient evidence at the hearing to support the court's order denying Lewis's request and awarding Karina the remaining funds held in trust. Accordingly, Lewis has not met his burden to show the order lacks the support of substantial evidence.[3] (See *Estate of Fain, supra*, 75 Cal.App.4th at p. 992;

---

[3] We reject Lewis's passing contention that Karina's declaration did not comply with the Rules of Court because it was not based on her personal knowledge and did not explain how she acquired that knowledge. (See Cal. Rules of Court,

7

*Yield Dynamics, supra*, 154 Cal.App.4th at p. 557; *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 576 ["In the absence of a proper record, which would include either a reporter's transcript or settled statement . . . , we must presume the trial court acted properly."].)

**2. *Karina's failure to file a current income and expense declaration does not require reversal***

Lewis argues the trial court's order must be reversed because Karina did not file a current income and expense declaration.

Under rule 5.92 of the California Rules of Court (rule 5.92), a party who files a responsive declaration to a request for order generally must also file a current income and expense declaration. (See Cal. Rules of Court, rule 5.92(g)(3), (b)(2).) For purposes of this rule, " 'current' " means "the form has been completed within the past three months providing no facts have changed." (Rule 5.260(a)(3).)

Lewis contends Karina failed to comply with rule 5.92(g) because she did not attach a current income and expense declaration to her March 2023 declaration responding to his request for order. According to Lewis, the most recent income and expense declaration Karina filed was dated March 2021. Lewis contends the court should have ruled that, without a current income and expense declaration, Karina's responsive

_____

rule 5.111(b)(2).) Lewis has not shown he complied with rule 5.111(c)(1), which states a party objecting to a declaration on these grounds "must file their objections in writing at least 2 court days before the time of the hearing, or any objection will be considered waived, and the declaration may be considered as evidence."

declaration was a "fugitive document" and struck it from the record.

At the outset, Lewis has not shown he preserved this issue for appeal.  "It is well settled that the failure to raise an issue in the trial court typically forfeits on appeal any claim of error based on that issue." (*Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489.)  Lewis does not point to anything in the record showing he objected below to Karina's declaration under rule 5.92(g).  Moreover, because the record does not contain a reporter's transcript or settled statement, we do not know whether Lewis raised the issue at the hearing.  Therefore, it would seem Lewis forfeited any issues related to Karina's failure to comply with rule 5.92(g).

Even if we were to overlook the forfeiture, Lewis has not shown Karina's failure to comply with rule 5.92(g) requires reversal.  "[E]rror alone does not warrant reversal.  'It is a fundamental principle of appellate jurisprudence in this state that a judgment will not be reversed unless it can be shown that a trial court error in the case affected the result.' [Citation.] ' "The burden is on the appellant, not alone to show error, but to show injury from the error." ' [Citation.]  'Injury is not presumed from error, but injury must appear affirmatively upon the court's examination of the entire record.' [Citation.]  'Only when an error has resulted in a miscarriage of justice will it be deemed to be prejudicial so as to require reversal.' [Citation.]  A miscarriage of justice is not found 'unless it appears reasonably probable that, absent the error, the appellant would have obtained a more favorable result.' " (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 822–823 (*Marriage of Falcone*).)

Lewis has not shown Karina's failure to file a current income and expense declaration was prejudicial. As Lewis acknowledges, Karina had previously filed an income and expense declaration with the court. Although she filed that declaration more than two years before the hearing on his request for order, Lewis does not contend her income or expenses had changed significantly since then. More importantly, he does not contend that Karina's income or expenses were relevant to the issues before the court. The court's order states it awarded Karina all the funds held in trust because it was less than or equal to her interest in the community property business. It seems the court did not rely on either party's income or expenses in making that determination. Accordingly, to the extent the court erred by failing to require Karina to comply with rule 5.92(g), the error was harmless and does not require reversal. (See *Marriage of Falcone*, *supra*, 164 Cal.App.4th at pp. 822–823.)

3. ***Lewis has not shown a prejudicial due process violation; however, the court must correct the order on remand***

Lewis contends reversal is required because Karina's counsel filed a proposed order without his approval.

According to the minute order of the hearing on Lewis's request for order, the court ordered Karina's counsel "to prepare the Order After Hearing, serve it on the opposition for approval as to form and content and submit same to the Court." The day after the hearing, Karina's counsel filed an "order after hearing." The court signed and entered the order the same day. The order states the following, in relevant part:

10

"1. The court denies Petitioner's Request For Order, filed February 15, 2023.

"2. The court finds that Respondent's interest in the community property business was valued at an amount equal to or greater than the funds remaining in trust, and therefore grants Respondent's request to award the entirety of the funds remaining in trust to Respondent for her share of the community property business, which Respondent controlled after the date of separation."

Lewis argues Karina's counsel violated the court's order and Rules of Court by failing to seek his approval before filing the proposed order with the court.[4] As we understand his argument, Lewis contends this violated his right to due process because it denied him the opportunity to seek reconsideration of the court's order. According to Lewis, the court told him at the hearing to "get your papers together and bring it back to me and I'll reconsider." Lewis maintains he was not able to do so because Karina's counsel filed the proposed order without first seeking his approval.

We agree with Lewis that Karina's counsel failed to comply with the court's order and the Rules of Court. However, Lewis has not shown the error was prejudicial. (See *F.P. v. Monier* (2017) 3 Cal.5th 1099, 1108 [the California Constitution requires prejudice before a reviewing court may reverse a judgment for constitutional and nonconstitutional errors]; *Thornbrough v.*

---

[4] The California Rules of Court require the party ordered to prepare a proposed order to "[s]erve the proposed order to the other party for approval." (Cal. Rules of Court, rule 5.125(b)(1).)

11

*Western Placer Unified School Dist.* (2013) 223 Cal.App.4th 169, 200 [" 'procedural due process violations, even if proved, are subject to a harmless error analysis' "].)

Contrary to Lewis's contentions, the fact that Karina's counsel filed the proposed order without first seeking his approval did not prevent him from moving for reconsideration. Under Code of Civil Procedure section 1008, a motion for reconsideration must be made "within 10 days after service upon the party of written notice of entry of the order." (Code Civ. Proc., § 1008, subd. (a).) In other words, the time to file a motion for reconsideration starts to run *after* a final order is entered. Therefore, there is no merit to Lewis's assertion that counsel's failure to seek his approval denied him the opportunity to seek reconsideration.

Lewis contends Karina's counsel's actions also deprived him of the chance to object and seek correction of the order, which he characterizes as "inaccurate and misleading." The only specific inaccuracy Lewis identifies is that the order states, " 'Respondent controlled [the business] after the date of separation.' " As Lewis notes, the quoted language does not appear in the court's minute order of the hearing. Moreover, it seems to contain a typographical error, as neither party asserted Karina—who was the respondent—controlled the business after the date of separation. Accordingly, we will remand the matter to the trial court with directions to strike that portion of the order. In all other respects, the order is consistent with the court's minute order of the hearing.[5]

_____

[5] To the extent Lewis raises other issues in passing, we deem them forfeited and decline to consider them. (See *Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 [a reviewing court

**DISPOSITION**

We remand the matter to the trial court with directions to strike from its April 4, 2023 order the following language: "which Respondent controlled after the date of separation." The order is affirmed in all other respects. The parties shall bear their own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

EDMON, P. J.

ADAMS, J.

---

need not consider points that lack reasoned argument and citations to authority].) We also decline to consider arguments Lewis raises for the first time in his reply brief, including that the court failed to consider his need for living expenses, Karina breached her fiduciary duties, Karina violated Family Code section 2104, and Karina failed to comply with her discovery obligations. (*Varjabedian v. City of Madera* (1977) 20 Cal.3d 285, 295, fn. 11 ["Obvious reasons of fairness militate against consideration of an issue raised initially in the reply brief of an appellant."].)